

Louis V. Fasulo, Esq.– NY & NJ
Samuel M. Braverman, Esq.– NY & NJ
Charles Di Maggio, Esq.– NY & CO

www.FBDMLaw.com
SBraverlaw@fbdmlaw.com

February 7, 2019

Mag. Judge Mark Falk
United States Magistrate Judge
for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

**Re:   United States v. Ankur Agarwal**
           Case No.: 18 MJ 03580

Dear Judge Falk,

I represent Ankur Agarwal in the above referenced matter, and respectfully request the following modifications to Mr. Agarwal's bail conditions.

First, Mr. Agarwal requests a temporary modification of his bail conditions so that he may take his son to a soccer tournament in Richmond, Virginia from March 8 to 10. Mr. Agarwal requests permission for him, in particular, to travel with his son because his mother has a medical condition that makes travel difficult; and his ex-wife (his son's mother) is the primary income provider, therefore any days she takes off from work has a direct financial impact on the family. If approved, Mr. Agarwal would provide an itinerary to Pre-Trial Services prior to his travel and be available via telephone throughout the trip.

Second, Mr. Agarwal requests a modification to his "Third-Party Custodian."  At the moment the custodian is specified as Prerna Jain, however Mr. Agarwal and Ms. Jain have divorced. Therefore, he would like his mother, Shashi Agarwal, to be listed as his "Third Party Custodian" instead.

I have notified the Government and Pre-Trial Services about these requests. I have not heard back from the Government yet. But Pre-Trial Services has indicated that, as per their policy, they do not consent to any overnight requests for clients who are under location monitoring.

With regards to the second request, Pre-Trial Services does not believe Mr. Agarwal's mother is

a suitable Third Party Custodian because, after a home visit several months ago, PTS located an iPad that was no longer password protected. Pursuant to my office's conversation with Mr. Agarwal, this situation occurred during a home visit by PTS on June 13, 2018. Mr. Agarwal indicated that, prior to the visit, his mother was having issues with her iPad. She contacted technical support and was advised to reset the device, which removed the password. Mr. Agarwal was unaware that her mother had been instructed to reset the iPad. Subsequent to the incident, Mr. Agarwal contacted Pre-Trial to explain why the device did not have a password. According to my office's conversation with Mr. Agarwal, Pre-Trial Services has checked on electronic devices during home visits conducted since June, and has not found any other issues with an unprotected electronic device.

Accordingly, I respectfully request a modification to the aforementioned bail conditions of Mr. Agarwal.

Thank you for your consideration of these requests. Should you require any additional information, please do not hesitate to contact me.

Respectfully submitted,

s/ Sam Braverman
Samuel M. Braverman, Esq.
Fasulo Braverman & Di Maggio, LLP
225 Broadway, Suite 715
New York, New York 10007
Tel. 212-566-6213

Cc: Anthony Moscato, AUSA (via e-mail)
Kelly Fernandes, Pre-Trial Services (via e-mail)