2018R00431/MFN/SD/fk

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| | : | |
| | : | Crim. No. 19-770 |
| v. | : | |
| | : | Judgment and Preliminary |
| | : | Order of Forfeiture as to Specific |
| ANKUR AGARWAL | : | Property (Final as to the |
| | : | Defendant) |

WHEREAS, on or about October 22, 2019, the United States filed a three-count Information (the "Information"), which charged defendant Ankur Agarwal with intentionally accessing a protected computer without authorization and thereby obtaining information, in violation of 18 U.S.C. §§ 1030(a)(2) and 1030(c)(2)(B)(iii) (Counts One and Two); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Three);

WHEREAS, on or about October 22, 2019, pursuant to a plea agreement with the United States, defendant Ankur Agarwal pleaded guilty to the Information;

WHEREAS, the defendant Ankur Agarwal shall forfeit (i) pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense charged in Counts One and Two of the Information; and (ii) pursuant to 18 U.S.C. § 1030(i), all right, title, and interest of the defendant in any personal property

that was used or intended to be used to commit or to facilitate the commission of the offense charged in Counts One and Two of the Information;

WHEREAS, in the plea agreement and pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), defendant Ankur Agarwal agreed to forfeit to the United States all of his right, title and interest in the following specific property:

| Item # | Make/Model/Description | Serial Number / Identifier |
|---|---|---|
| 1 | Western Digital My Book external hard drive | WX11DB5NE0HH |
| 2 | Western Digital My Book external hard drive (enclosure only) | N/A |
| 3 | Dark green rain jacket | N/A |
| 4 | Western Digital My Passport Ultra external hard drive with power cord | WXJ1AA5001VX |
| 5 | Dell Latitude E6430 laptop computer with power cord and cordless mouse | 9CGMJX1 |
| 6 | Black USB keylogger | N/A |
| 7 | Western Digital external hard drive | VLH3U53Y |
| 8 | Dell Latitude D630 laptop computer and power cord with Logitech wireless USB Bluetooth transmitter | DNWDDF1 |
| 9 | Miscellaneous technical notes and Office Depot notepad | N/A |
| 10 | Nokia Microsoft RM1030 XL cellphone with power cord | 740485700 |
| 11 | Samsung Verizon 4G LTE cellphone | 99000023037066 |
| 12 | Acer Aspire 5742 laptop computer | LXR4F02002034465461601 |
| 13 | iomega Screenplay SPMCAHD hard drive | 83AJ32011X |
| 14 | Red National brand record notebook | N/A |
| 15 | 3.5" Sony floppy disk | DEA B2405A |
| 16 | Staples 3 subject notebook | N/A |
| 17 | Five CD-R disks containing SafeGuard recovery and backup data | N/A |
| 18 | Power Spec external portable hard drive | V627361 |
| 19 | Western Digital WD5000C032 external portable drive | WCAPW0003145 |
| 20 | Toshiba 2 TB portable hard drive | 14SATEGFT18B |
| 21 | Western Digital 2217Q external portable drive | VK0EL3XY |

| Item # | Make/Model/Description | Serial Number / Identifier |
|---|---|---|
| 22 | Dell E725 laptop computer | PKRNVWE725 |
| 23 | EP Memory 1.0 GB SD card | N/A |
| 24 | Cruzer Mini 1.0 GB flash drive | N/A |
| 25 | Silver Dell GWZ8RW1 laptop computer with power cord | 637230991978 |
| 26 | Hewlett Packard 840G1 laptop computer (refurbished) with blue Ethernet cable | CNU409F0XD |
| 27 | USB keylogger | N/A |
| 28 | Black thumb drive with circle imprint | N/A |
| 29 | White CR203 2.0 thumb drive with "UBON" printed on it | N/A |
| 30 | Silver thumb drive with "Gemalto" and "Security to be Free" printed on it | N/A |
| 31 | Swipe card C-847930; tenant card in the name of Shashi Agarwal; contractor card in the name of Ankur Agarwal; Swipe card C0930024; Swipe card PP-00878858 | N/A |
| 32 | Samsung Galaxy S4 SGH-I337 cellphone with black Otter Box case | IMEI: 359721051256459 |
| 33 | Samsung Galaxy Note 4 SM-N910V cellphone with Neo Hybrid black/silver case | IMEI: 990004812971194 |
| 34 | Silver thumb drive | N/A |
| 35 | Black and red notebook with "Record" on spine | N/A |
| 36 | Two power adapters | N/A |
| 37 | Samsung Galaxy S4 SCH-I545UD cellphone with blue and black case | IMEI: 990004510333960 |

(collectively, the "Specific Property");

  WHEREAS, on September 1, 2020, at the sentencing hearing, the Court ordered that forfeiture be part of the sentence;

  WHEREAS, the provisions of 21 U.S.C. § 853(n) require publication and notice to third parties known to have alleged an interest in forfeited specific

3

property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, in his plea agreement, defendant Ankur Agarwal:

(1) Agreed to the forfeiture to the United States of the Specific Property as property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense charged in the Information, and property that was used or intended to be used to commit or to facilitate the commission of the offense charged in Counts One and Two of the Information to which the defendant has pleaded guilty;

(2) Consented to the entry of Preliminary Orders of Forfeiture and Interlocutory Orders of Sale as to the Specific Property under Rule 32.2(b) of the Federal Rules of Criminal Procedure;

(3) Waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(4) Acknowledged that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waived any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(5) Agreed that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment;

WHEREAS, good and sufficient cause having been shown, it is hereby

ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. As a result of the defendant's conviction of obtaining information from protected computers and aggravated identity theft as charged in the Information, pursuant to 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

2. The entity with custody of the Specific Property is hereby ordered to transfer custody to the United States Marshals Service or its designee.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Ankur Agarwal, shall be made part of the sentence of defendant Ankur Agarwal, and shall be included in the judgment of conviction therewith.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

6. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. ' 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

8. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. ' 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

9. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct

any discovery needed to identify, locate, or dispose of the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

10.   This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 3rd day of September, 2020.

*s/Susan D. Wigenton*
HONORABLE SUSAN D. WIGENTON
United States District Judge